UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald R. DANIELS,
Defendant–Appellant.

No. 88–1511.

United States Court of Appeals,
Tenth Circuit.

Sept. 23, 1988.

John S. Morgan, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him on the brief), Tulsa, Okl., for plaintiff-appellee.

Philip K. Blough II, Tulsa, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, and BRORBY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a one-count indictment filed on June 4, 1987, Donald Daniels and Larry Kochevar were charged with conspiracy to manufacture amphetamine in violation of 21 U.S.C. § 846. Daniels filed a motion to dismiss based on double jeopardy grounds. After several hearings, the district court denied Daniels' motion.* Daniels appeals. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm.

The basis for Daniels' double jeopardy argument is that on August 19, 1986, he pled guilty to another charge of conspiring to manufacture amphetamines and was sentenced to four years imprisonment. Daniels' position is that the present indictment charges the same offense to which he earlier pled guilty, and that, accordingly, prosecution under the present indictment violates the Double Jeopardy Clause of the Fifth Amendment.

The government's position is that the conspiracy charged in the present indictment is a different conspiracy from the one to which Daniels previously pled guilty, and hence, there being two distinct conspiracies—not one continuing conspiracy—the double jeopardy argument is unavailing.

On January 9, 1986, Daniels was charged with his brother, John Daniels, and four others with conspiracy to manufacture amphetamines. Kochevar, Daniels' co-defendant in the instant case, was not named as a co-defendant in the first indictment. That particular conspiracy was alleged to have existed from January, 1981 through January, 1986. As indicated, Daniels pled guilty to that charge on August 19, 1986.

The present indictment was filed on June 4, 1987, and charges Daniels and Kochevar (and no one else) with conspiring to manufacture amphetamines from June 1, 1985 through June 30, 1986. Both indictments were filed in the United States District Court for the Northern District of Oklahoma, and each set forth different overt acts.

It is agreed that if two charges of conspiracy are in fact based on a defendant's participation in a single conspiracy, the former jeopardy clause bars the second prosecution. *Wilkett v. United States*, 655 F.2d 1007, 1014 (10th Cir.1981), *cert. denied*, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). As indicated, the government's position is that although the instant indictment charges a violation of the same statute as did the earlier indictment, the present indictment is based on a different set of facts than the earlier indictment and represents a separate and distinct conspiracy from the earlier one. Daniels argues that it was but one conspiracy.

In ruling on Daniels' motion to dismiss, the district court had before it a transcript of grand jury proceedings in the instant case as well as testimony adduced at trial on the first indictment, some of the defendants, although not Daniels, having gone to trial. Also, several witnesses testified at the hearing on the motion to dismiss. Based thereon, the district court found that Daniels' conspiracy with his brother and others, which was the basis for the first indictment, terminated sometime during the summer of 1984 when Daniels "split" with his brother, and that Daniels thereafter formed a new conspiracy with Kochevar to manufacture amphetamines. We believe this finding is supported by the testimony given by the witness Kress at the trial on the first indictment. The fact that there may have been some grand jury testimony to the contrary concerning this "breakup" of the Daniels brothers does not alter the fact that the district court found, and the record supports the finding, that Daniels terminated his conspiracy with his brother and then entered into a second conspiracy with Kochevar.

It should be noted that we are here concerned with the denial of a pretrial motion to dismiss based on double jeopardy grounds. This is not the situation where a defendant, after conviction, seeks reversal

---

* Prior to denying Daniels' motion to dismiss, the district court had granted Daniels' motion for a bill of particulars and a motion for production of grand jury testimony.

on appeal on the ground of double jeopardy. Counsel concedes that Daniels had the burden of establishing that the two offenses contained in the two indictments are the same offense both in law and fact. *United States v. Jones*, 816 F.2d 1483, 1486 (10th Cir.1987); *United States v. Castro*, 629 F.2d 456 (7th Cir.1980). Although conceding that Leslie Kress testified at the earlier trial that the Daniels brothers broke up in 1984, counsel argues that Daniels nonetheless met his burden through the testimony of George Akins before the grand jury which indicated, perhaps, that there was no such breakup. Such difference, of course, only posed a fact issue necessarily involving credibility. The district judge relied on the Kress testimony, which he had the right to do as a fact finder. We are not inclined to disturb his finding.

We conclude that the district court did not err in holding that Daniels had failed to establish in the pretrial hearing that his second prosecution was in fact and in law for the same offense to which he had previously pled guilty. If in the ensuing trial it should develop that in fact and in law there was only one conspiracy, not two, appropriate action can be taken at that time. In the meantime, we hold that based on the present record Daniels cannot forestall trial.

JUDGMENT AFFIRMED.