**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gabriel RODRIGUEZ–AGUIRRE,
Defendant–Appellant.**

No. 94–2201.

United States Court of Appeals,
Tenth Circuit.

Jan. 10, 1996.

Submitted on the Briefs: *

John J. Kelly, United States Attorney, Thomas L. English and Charles L. Barth, Assistant United States Attorneys, and Jesse M. Caplan, Special Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff/Appellee.

Paul J. Kennedy, Albuquerque, New Mexico, for Defendant/Appellant.

Before BRORBY, EBEL, and HENRY, Circuit Judges.

EBEL, Circuit Judge.

Defendant–Appellant Gabriel Rodriguez–Aguirre ("Aguirre") was charged in a superseding indictment with 17 counts of violating the federal drug laws. The superseding indictment charged Aguirre, *inter alia*, with engaging in a continuing criminal enterprise and with conspiracy to possess with intent to distribute both marijuana and cocaine. Prior to trial, Aguirre moved to dismiss the continuing criminal enterprise and conspiracy counts on grounds of double jeopardy. The district court denied the motion and Aguirre now appeals. We have jurisdiction under 28 U.S.C. § 1291. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977) (holding that pretrial or-

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

ders rejecting claims of former jeopardy are "final decisions" under 28 U.S.C. § 1291).

## I.

Aguirre was convicted in 1990 in the District of Kansas of one count of conspiracy to distribute marijuana and one count of using a telephone to facilitate the conspiracy. The conspiracy charged was one that ran from a "date unknown and continue[d] to the 11th day of March, 1989." Aguirre was sentenced to 48 months of imprisonment on each count, with the sentences to run concurrently. Aguirre appealed, and his convictions were affirmed by this Court. *United States v. Armendariz,* 922 F.2d 602 (10th Cir.1990), *cert. denied sub nom. Aguirre v. United States,* 502 U.S. 8*3, 112 S.Ct. 87, 116 L.Ed.2d 59 (1991).

On October 20, 1992, while he was serving his prison sentence for the Kansas convictions, Aguirre was indicted along with twenty-one others in the District of New Mexico. The New Mexico indictment charged Aguirre and his alleged coconspirators with a multitude of federal drug offenses arising out of an extensive drug distribution ring operating in New Mexico and Kansas. The trial of Aguirre and his coconspirators began in January 1994 and was the longest federal criminal trial ever held in the District of New Mexico. During the six month trial, the jury heard the testimony of over 300 witnesses and received over 4,000 exhibits. At the close of the government's case, Aguirre moved for a dismissal and/or judgment of acquittal under Fed.R.Crim.P. 29. Aguirre argued that the crimes charged in the New Mexico indictment arose out of the same conduct as his prior Kansas convictions and thus the prosecution was barred under the Double Jeopardy Clause. The district court

denied the motion. The defendants then presented their case, and the matter was submitted to the jury. The jury deliberated for over six weeks but was unable to reach a verdict on the majority of counts. A mistrial was declared.

After the mistrial, the grand jury returned a 22-count superseding indictment against Aguirre and nine of his coconspirators. The superseding indictment charged Aguirre with essentially the same crimes contained in the original indictment. Count I charged Aguirre with engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, and referred to eighteen predicate drug offenses committed between May 1, 1985 and March 9, 1991.[1] Count II alleged that Aguirre and others had conspired to commit various drug offenses in violation of 21 U.S.C. § 846 from July 1, 1985 through the date of the superseding indictment on August 5, 1994. Count II referred to fifty-three overt acts committed in furtherance of the charged conspiracy.

On August 29, 1994, Aguirre moved to dismiss Counts I and II on grounds of double jeopardy. In his motion, Aguirre argued that the conspiracy charged in Count II of the superseding indictment was based on the same conspiracy for which he was previously convicted in Kansas. Aguirre also argued that the conspiracy was a lesser included offense of the alleged CCE, thereby also preventing the government from proceeding against him on Count I because of the Double Jeopardy Clause. The district court denied Aguirre's motion and Aguirre now appeals.[2]

## II.

We review the factual findings underlying the defendant's double jeopardy

---

1. The superseding indictment charges that the CCE occurred from July 1, 1985 until December 31, 1993. However, the most recent predicate offense referred to in Count I was alleged to have been completed on or about March 9, 1991.

2. After Aguirre filed the present appeal, the district court entered an order certifying that the appeal was frivolous. That order had the effect of reinstating jurisdiction in the district court so that the trial could proceed, even while Aguirre's interlocutory appeal was pending in this court. *See United States v. Hines,* 689 F.2d 934, 937

(10th Cir.1982). Aguirre responded by filing a Petition for a Writ of Prohibition in this court. On November 10, 1994, we granted the writ and entered an order temporarily staying the prosecution against Aguirre on Counts I and II pending the outcome of this interlocutory appeal. *Rodriguez–Aguirre v. Bunton,* No. 94–2243 (10th Cir. Nov. 10, 1994). Aguirre was subsequently tried and convicted of the remaining counts in the superseding indictment. Those convictions are not relevant to the present appeal.

claim for clear error. *United States v. Jones,* 816 F.2d 1483, 1486 (10th Cir.1987). The district court's ultimate determination regarding double jeopardy is, however, a question of law we review *de novo. United States v. Cardall,* 885 F.2d 656, 665 (10th Cir.1989). The defendant bears the burden of proving a claim of double jeopardy. *United States v. Daniels,* 857 F.2d 1392, 1394 (10th Cir.1988).

## A.

Aguirre first argues that the conspiracy charged in Count II of the superseding indictment is the "same offense" for which he was previously convicted in the District of Kansas. The government, however, has indicated to this Court that it no longer seeks to prosecute Aguirre on Count II. Accordingly, the government argues, Aguirre's appeal is moot insofar as it relates to the conspiracy charge. In light of this development, we do not address Aguirre's claim that prosecution of the conspiracy charge would violate his rights under the Double Jeopardy Clause. Instead, we merely remand on Count II so that the government may file a motion to dismiss Count II of the superseding indictment with prejudice.

## B.

Aguirre next argues that his Kansas conspiracy conviction bars a successive prosecution for the CCE offense charged in Count I of the superseding indictment.[3] Aguirre contends that the Kansas conspiracy was a "lesser included offense" of the present CCE charge because it involved the same conduct

upon which the present CCE count is based. He points out that the government presented to the first jury in this case virtually identical evidence as that presented in the 1990 Kansas prosecution. Thus, Aguirre argues, the Kansas conspiracy and the present CCE charge are the "same offense" for double jeopardy purposes.

■ The Double Jeopardy Clause of the Fifth Amendment provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const.Amend. V. The test for determining whether two statutory offenses are "the same offense" for purposes of the Double Jeopardy Clause "is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). In *Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 18'. (1977), the Supreme Court held that, "[w]hatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." (footnote omitted). Aguirre contends that because the Tenth Circuit considers conspiracy to be a lesser included offense of CCE, *United States v. Staggs,* 881 F.2d 1546, 1548 (10th Cir.1989), *cert. denied,* 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990); *United States v. Hall,* 843 F.2d 408, 410 (10th Cir.1988),[4] his Kansas conspiracy conviction precludes the government under *Brown* from retrying him on the greater CCE charge. We disagree.

---

**3.** The continuing criminal enterprise statute, 21 U.S.C. § 848, provides in relevant part as follows:

  **(c) "Continuing criminal enterprise" defined**
    [A] person is engaged in a continuing criminal enterprise if—
    (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
    (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
    (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

    (B) from which such person obtains substantial income or resources.
  21 U.S.C. § 848(c). We have held that to establish a "continuing series of violations" within the meaning of section 848(c)(2), the government must prove at least three related predicate drug offenses. *United States v. Apodaca,* 843 F.2d 421, 427 (10th Cir.), *cert. denied,* 488 U.S. 932, 109 S.Ct. 325, 102 L.Ed.2d 342 (1988).

**4.** In a decision issued the same day as *Brown v. Ohio,* a plurality of the Supreme Court concluded in dicta that conspiracy ·is a lesser included offense of CCE. *Jeffers v. United States,* 432 U.S. 137, 147–50, 97 S.Ct. 2207, 2214–16, 53 L.Ed.2d 168 (1977).

In *Brown*, the Court noted that "[a]n exception may exist [to the lesser included offense rule] where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." 432 U.S. at 169 n. 7, 97 S.Ct. at 2227 n. 7 (citing *Diaz v. United States*, 223 U.S. 442, 448–49, 32 S.Ct. 250, 251, 56 L.Ed. 500 (1912)). In *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Supreme Court applied the *Diaz* exception in a situation analogous to the present case. There, the defendant Garrett was charged in March 1981 in the Western District of Washington with various drug offenses. He subsequently entered a guilty plea on one count of importation of marijuana. Several months later, Garrett was indicted in the Northern District of Florida on several additional drug counts, including one count of engaging in a CCE from January 1976 to July 1981. At his trial, the prosecution presented evidence regarding Garrett's prior marijuana importation conviction to establish one of the predicate offenses to the CCE. Garrett argued that under *Brown*, the Double Jeopardy Clause barred his CCE conviction because the predicate drug offense was a lesser included offense of the CCE. *Garrett*, 471 U.S. at 775–77, 105 S.Ct. at 2409–11.

Applying the *Diaz* exception, the Court rejected Garrett's claim that his Washington conviction barred the subsequent Florida prosecution. The Court found the exception satisfied because the CCE of which Garrett had been charged in the Florida indictment "had not been completed at the time that he was indicted in Washington." *Garrett*, 471 U.S. at 791, 105 S.Ct. at 2418. Specifically, the Court noted that Garrett had continued to engage in drug trafficking activities *after* he was indicted on the Washington importation charge. *Id.* Accordingly, the Court concluded that the Florida CCE was not "the same offense" as the Washington importation and thus was not barred by the Double Jeopardy Clause. *Id.; see also id.* at 796–97, 105 S.Ct. at 2420 ("[P]rosecution for a lesser offense does not prevent subsequent prosecution for a greater offense where the latter depends on facts occurring after the first trial.") (O'Connor, J., concurring).

■ Aguirre's case is analogous. Aguirre was indicted in Kansas with three others in May 1989 and charged with, *inter alia*, conspiracy to distribute marijuana. The Kansas indictment alleged that the conspiracy ran from "a date unknown and contin[ued] to the 11th day of March, 1989." The New Mexico superseding indictment, however, charges Aguirre with a CCE beginning in July 1985 and continuing until December 31, 1993, well after the Kansas conspiracy was concluded. Moreover, the New Mexico superseding indictment specifically refers to a number of predicate drug offenses allegedly committed by Aguirre *after* the Kansas indictment was returned. Thus, as in *Garrett*, the New Mexico CCE "had not been completed at the time" the Kansas indictment was returned and accordingly cannot constitute "the same offense" as the Kansas conspiracy for purposes of the Double Jeopardy Clause. *Garrett*, 471 U.S. at 792–93, 105 S.Ct. at 2418–19.[5] We agree that when a defendant "con-

---

**5.** Aguirre seeks to distinguish *Garrett* on the ground that the predicate offense in *Garrett* was a substantive drug offense, whereas the predicate offense at issue here is a conspiracy. He argues that a conspiracy, unlike a substantive drug offense, is a lesser included offense of CCE. *See Hall*, 843 F.2d at 410. Although *Garrett* involved a substantive offense rather than a conspiracy, this fact alone does not distinguish Aguirre's case. The Court in *Garrett* expressly assumed for purposes of its decision that the substantive importation offense and the CCE were lesser and greater offenses of one another, *see* 471 U.S. at 790, 105 S.Ct. at 2417, and the Court instead based its decision squarely upon the *Diaz* exception to *Brown v. Ohio*. We also note that several

of our sister circuits have upheld successive prosecutions of conspiracy and CCE applying similar reasoning. *See, e.g., United States v. McHan*, 966 F.2d 134, 141 (4th Cir.1992) (CCE prosecution not barred by Double Jeopardy Clause because prior conspiracy conviction was "merely one short part of the conduct constituting the continuing criminal enterprise"); *United States v. Grayson*, 795 F.2d 278, 285–86 (3d Cir.1986) (No double jeopardy bar where "the CCE charge included numerous offenses ... subsequent to the date of indictment in each of the prior [conspiracy] cases"), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987); *cf. United States v. Scarpa*, 913 F.2d 993, 1013–14 (2d Cir. 1990) (citing *Garrett* and applying a similar rule

tinues unlawful conduct after the time the Government prosecutes him for a predicate offense, [he cannot] later contend that the Government is foreclosed from using that offense in another prosecution to prove the continuing violation of § 848." *Garrett,* 471 U.S. at 798, 105 S.Ct. at 2421 (O'Connor, J., concurring). We therefore reject Aguirre's claim that the Double Jeopardy Clause bars his section 848 CCE prosecution.

### Conclusion

For the foregoing reasons, we AFFIRM the district court's order insofar as it denies Aguirre's motion to dismiss Count I of the superseding indictment (charging a CCE violation) and we REMAND that count to the district court for further proceedings on the CCE charge. Aguirre's appeal as to Count II is moot in light of the government's expressed intention not to prosecute the conspiracy charge, and as to that count we RE-MAND so that the district court can dismiss Count II of the superseding indictment with prejudice.

to allow a successive prosecution under the RICO criminal enterprise statute after a prior