**UNITED STATES COURT OF APPEALS**
**Filed 5/29/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EUGENE VELARDE,

      Defendant-Appellant.

No. 96-1013
(D.C. No. 95-CR-261-7)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

On July 19, 1995, Defendant-Appellant Eugene Velarde was charged in the United States District Court for the District of Colorado with conspiracy to possess with intent to distribute over one kilogram of heroin as well as quantities of marijuana and cocaine in violation of Title 21 U.S.C. §§ 846 and 841(a)(1). The charged conspiracy was alleged to have run from about January, 1986 through and including July, 1995. Velarde had previously been charged and convicted in Adams County, Colorado (Case No. 93CR65)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of conspiracy to distribute heroin on December 9, 1992. Based on this previous charge and conviction for conspiracy, Velarde filed a Motion To Dismiss-Double Jeopardy on December 1, 1995. In his motion, he argued: (1) that the Adams County prosecution involved the same witnesses as those to be utilized in the federal prosecution; (2) that the Federal Government participated in the decision to prosecute him in Adams County; and (3) that the conspiracy charged in the Adams County prosecution was identical to the present federal prosecution. The district court denied Velarde's Motion on December 22, 1995, stating that Velarde "failed to set forth any evidence that federal authorities orchestrated the state process to perpetuate a sham or manipulate state authorities as a tool for federal aims." The district court also stated that the federal conspiracy covered dates which could not have been included in the state case brought in 1993. Velarde now appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm. See Abney v. United States, 431 U.S. 651, 662 (1977) (a pretrial order rejecting a claim of former jeopardy is a "final decision" under 28 U.S.C. § 1291).

We review the district court's legal conclusion on the double jeopardy claim de novo, and we review the underlying factual findings for clear error. United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir. 1991). We reject Velarde's double jeopardy claim for two reasons. First, the Adams County conspiracy covered a single transaction on a single date whereas the federal conspiracy charge was much more expansive. We have held that "[m]erely because some of the overt acts contained in the conspiracy

- 2 -

counts of the federal indictment encompass defendant's prior . . . convictions or . . . charges does not violate double jeopardy." Raymer, 941 F.2d at 1038 (relying on the district court's findings that: (1) the state charges encompassed only a small part of the defendant's alleged criminal activities; and (2) that the federal superseding indictment involved criminal activity of a larger scope). In this case, the federal indictment involves criminal activity of a larger scope than the previous state prosecution. The federal indictment charges a conspiracy alleged to have been in effect from January 1986, to July 1995, while the conspiracy charged in Adams County referred to conduct occurring on one specific date, December 9, 1992. Considering the time frame of the federal conspiracy charge, the state case brought in 1993 could not have included facts and events which the federal government seeks to prosecute which occurred in 1994 and 1995. Thus, Velarde is not being put in jeopardy twice for the same offense. See United States v. Rodriguez-Aguirre, 73 F.3d 1023, 1026-27 (10th Cir. 1996) (Subsequent prosecution for continuing criminal enterprise based in part on conduct which formed the basis of a prior Kansas conviction for conspiracy did not constitute double jeopardy where second prosecution specifically relied upon events allegedly committed by defendant after Kansas indictment was returned). Moreover, the conspiracy in the federal indictment involved heroin, as well as marijuana and cocaine, while the state charge involved only heroin.

Second, even if we were to assume, arguendo, that the prosecutions involve the

same offense, Velarde has failed to show that he is entitled to the exception to the general rule that "a subsequent federal prosecution based upon the same conduct as a terminated state prosecution does not violate the Double Jeopardy Clause of the Fifth Amendment." Raymer, 941 F.2d at 1037. The Supreme Court in Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959) indicated that there is an exception to this "dual sovereignty" rule when a state prosecution was "merely a tool" of federal authorities to revive a prosecution barred on federal constitutional grounds. Relying on this exception, we have recognized that courts will consider double jeopardy claims where: "(1) federal prosecutors have manipulated state processes rendering the state prosecution a sham and a cover for an otherwise barred federal prosecution, and (2) state prosecutors have manipulated federal processes rendering the federal prosecution a sham and a cover for an otherwise barred state prosecution." Raymer, 941 F.2d at 1037 (citations omitted). The defendant has the "substantial burden of proving that one sovereign is so dominated by the actions of the other that the former is not acting of its own volition." Id. The district court found, and we agree, that in this case Velarde has failed to allege facts sufficient to indicate that federal prosecutors manipulated state processes to cover for a barred federal prosecution, or that the state did the same with respect to a barred state prosecution. Essentially Velarde merely alleges that the federal government was active in the state proceedings and aided the state authorities in their case. However, "[c]lose coordination between state and federal authorities, including the employment of agents of one sovereign to help the

other sovereign in its prosecution, does not implicate the Double Jeopardy Clause."

United States v. Real Property Located in El Dorado, Cal., 59 F.3d 974, 987 (9th Cir. 1995).  Velarde's claim here amounts to nothing more than a conclusory allegation of collusion.  United States v. Koon, 34 F.3d 1416, 1439 (9th Cir. 1994), cert. granted, 116 S. Ct. 39 (1995).[1]

For the forgoing reasons, we **AFFIRM** the district court's Order denying Velarde's Motion To Dismiss - Double Jeopardy.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1]    Velarde also argues on appeal that the district court should have granted his request for an evidentiary hearing prior to denying his Motion.  Whether an evidentiary hearing is appropriate is in the discretion of the district court.  United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992), cert. denied, 113 S. Ct. 1023 (1993).  In light of the fact that Velarde has not made a showing that he was prosecuted for the same offense in Adams County as that for which he is indicted by the federal government, we do not believe that the district court abused its discretion in denying Velarde's request for an evidentiary hearing.