**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANDRE D. NEWMAN,

    Defendant-Appellant.

No. 99-3110

D. Kan.

(D.C. No. 98-40063-01-DES)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges.

---

The appellant, Andre D. Newman, pleaded guilty to violations of the following federal statutes: 18 U.S.C. § 1951, for the robbery of Kolebar Retail Liquor store (count 1); 18 U.S.C. § 1951, for the robbery of Spirit Liquor (count 3); 18 U.S.C. § 924(c), for use and carrying of a firearm during and in relation to the robbery of Spirit Liquor as charged in count 3 (count 4); and 18 U.S.C. §

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1951, for conspiracy to commit armed robberies (count 5). [1] The district court imposed a five-level enhancement pursuant to USSG. § 2B3.1(b)(2)(C) for brandishing, displaying or possession of a firearm during the commission of the robbery charged in count 1 of the superseding indictment.

Mr. Newman contends that both his conviction and sentence violate the Double Jeopardy Clause of the Fifth Amendment. This contention is without merit.

The Double Jeopardy Clause of the Fifth Amendment states "no person . . . shall . . . be subject to the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. A defendant bears the burden of proving double jeopardy. See United States v. Rodriguez-Aguirre, 73 F.3d 1023, 1025 (10th Cir. 1996). This court reviews a district court's factual findings underlying a double jeopardy claim for clear error. See id. at 1024-25. However, we review legal determinations regarding double jeopardy de novo. See id. at 1025.

First, Mr. Newman argues that his federal prosecution was barred by the Double Jeopardy Clause because prosecution for the same criminal conduct was initially commenced in Kansas state court. This argument fails because the state court proceedings were dismissed on motion by the state after federal prosecution

---

[1] Pursuant to the plea agreement, the government agreed to dismiss counts 2 and 6. See Rec., doc. 76.

was commenced in the United States District Court for the District of Kansas. Under Kansas state law, jeopardy never attached. See Kan. Stat. Ann. § 21-3108(1)(c).

Further, even if jeopardy had attached in the state court proceeding, prosecution of the same criminal conduct by both national and state sovereignties does not constitute double jeopardy. See United States v. Lanza, 260 U.S. 377, 382 (1922). It is well established that "prosecutions undertaken by separate sovereign governments, no matter how similar they may be in character, do not raise the specter of double jeopardy as that constitutional doctrine is commonly understood." United States v. Trammell, 133 F.3d 1343, 1349 (10th Cir. 1998) (quoting United States v. Guzman, 85 F.3d 823, 826 (1st Cir. 1996)).

Second, Mr. Newman contends that application of the five-level sentence enhancement under USSG § 2B3.1(b)(2)(C) constitutes impermissible double counting and, therefore, violates double jeopardy. This contention also lacks merit.

An enhancement under USSG § 2B3.1(b)(2)(C) generally cannot be applied to an offense that is also the underlying offense for a conviction under 18 U.S.C. § 924(c). See USSG § 2K2.4, comment. (n.2). Here, Mr. Newman was convicted of two counts of robbery. The enhancement under § 2B3.1(b)(2)(C) was applied to Mr. Newman's conviction of the robbery charged in count 1.

However, the count 3 robbery, not the count 1 robbery, served as the underlying offense for Mr. Newman's conviction under 18 U.S.C. § 924(c).  Therefore, application of the enhancement to the count 1 robbery was permissible.     See United States v. Blake   , 59 F.3d 138, 139 (10th Cir. 1995).    Accordingly, we AFFIRM Mr. Newman's conviction and sentence.


                                    Entered for the Court,



                                    Robert H. Henry
                                    Circuit Judge