**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESUS HUMBERTO CARDENAS, also
known as Widow Peak,

    Defendant-Appellant.

No. 03-8102

(D.C. No. 02-CR-125-05-D)

(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Jesus Cardenas, who entered a conditional plea of guilty to conspiracy

to traffic in methamphetamine, in violation of 21 U.S.C. § 846, appeals the denial of his

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

motion to dismiss. He argues his conspiracy charges are barred by double jeopardy or, in the alternative, that his counsel was ineffective in presenting support for his double jeopardy defense. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, affirm Cardenas' conviction, but dismiss without prejudice his ineffective assistance of counsel claim.

## I.

*Washington indictment and plea agreement*. On January 23, 2001, Cardenas was charged in Washington with conspiracy to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine during the period of September 15 to November 16, 2000. Pursuant to a plea agreement, he pled guilty to a superseding indictment charging him with a one-day conspiracy occurring on November 16, 2000, and involving a single distribution of 411 grams of methamphetamine. He was sentenced to 87 months' imprisonment.

*Wyoming indictment*. On July 18, 2002, Cardenas was charged in Wyoming with conspiracy to distribute and possess with intent to distribute over 500 grams of a mixture and substance containing a detectable amount of methamphetamine during the period of January 1996 through the return of the indictment. The indictment alleged he assisted co-conspirators in transporting quantities of methamphetamine ranging from one to ten pounds from Yakima, Washington, to Wyoming customers, who in turn sold the methamphetamine and sent the proceeds to Yakima, often via wire transfers.

Cardenas argued in his motion to dismiss the indictment that the Wyoming prosecution was barred by the double jeopardy clause of the Fifth Amendment. After the district court denied his motion to dismiss, Cardenas entered a conditional plea of guilty, reserving the right to appeal the denial of the motion. Cardenas was sentenced to 131 months' imprisonment.

## II.

### *Double jeopardy*

The double jeopardy clause protects against "'successive punishments and [] successive prosecutions for the same criminal offense.'" United States v. Mintz, 16 F.3d 1101, 1104 (10th Cir. 1994) (quoting United States v. Dixon, 509 U.S. 688, 696 (1993)). "[I]f two charges of conspiracy are in fact based on a defendant's participation in a single conspiracy, the former jeopardy clause bars the second prosecution." United States v. Daniels, 857 F.2d 1392, 1393 (10th Cir. 1988). Cardenas has the burden of proving double jeopardy applies and "must prove 'in fact and in law' that only one conspiracy existed in order to prevail on [his] double jeopardy claim." Mintz, 16 F.3d at 1104 (quoting Daniels, 857 F.2d at 1394). "We review the factual findings underlying the defendant's double jeopardy claim for clear error." United States v. Rodriguez-Aguirre, 73 F.3d 1023, 1024-25 (10th Cir. 1996). "The district court's ultimate determination regarding double jeopardy is, however, a question of law we review de novo." Id. at 1025.

Cardenas asks us to apply a totality of the circumstances test to his claim of double jeopardy. However, this circuit continues to follows the "same evidence" test set forth in Blockburger v. United States, 284 U.S. 299 (1932), to determine whether two conspiracy prosecutions violate the double jeopardy clause. Mintz, 16 F.3d at 1104. The Blockburger "same evidence" test "provides that offenses charged are identical in law and fact only if the facts alleged in one would sustain a conviction if offered in support of the other." Id. (internal quotation omitted).

At the hearing on Cardenas' motion to dismiss on double jeopardy grounds, his attorney called no witnesses and presented no evidence.[1] Instead, he noted that both the Washington indictment and the Wyoming indictment charged Cardenas with conspiracy to distribute methamphetamine. He noted the time period charged in the Wyoming indictment encompassed the one-day conspiracy charged in the Washington indictment. The district court applied the Blockburger "same evidence" test and concluded Cardenas had failed to demonstrate that the Washington conspiracy was the same conspiracy charged in the Wyoming indictment or that they were interdependent conspiracies. At the

---

[1] At the hearing, Cardenas' attorney made an "offer of proof" that Cardenas would testify, if called, that his co-conspirators in the Wyoming indictment were the source of the methamphetamine. Under the Rules of Evidence, an "offer of proof" serves a particular function. Error may only be "predicated upon" a ruling which excludes evidence when "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Fed. R. Evid. 103(a)(2). In this case, there was no ruling barring Cardenas or any other witness from testifying and we do not consider the "offer of proof" as evidence that the two conspiracies were interdependent.

4

change of plea hearing, Cardenas testified that the source of methamphetamine for both conspiracies was the same and he sought reconsideration of the denial of the motion to dismiss. The court again concluded Cardenas failed to establish that the two conspiracies were interdependent and denied the motion.

Based on the record before us, we agree with the district court. "In a double jeopardy analysis involving conspiracies, the court must determine whether the two transactions were interdependent and whether the Defendants were united in a common unlawful goal or purpose." Mintz, 16 F.3d at 1104 (internal quotation omitted). The conspiracy charged in the Washington indictment involved only three participants and a single transaction on one day. There was no allegation or evidence that the conspiracy involved transportation of methamphetamine outside Washington. In contrast, the conspiracy charged in the Wyoming indictment involved a larger and different set of participants, a series of transactions, distribution of methamphetamine from Washington into Wyoming and Montana, and a time period spanning six years. The fact that the two alleged conspiracies overlapped for a single day does not establish that they were interdependent. In short, the indictments do not evince any double jeopardy problem because the facts alleged in one case would not sustain a conviction if proven in the other case. Further, even assuming the same co-conspirators were the source of the methamphetamine that Cardenas was charged with distributing in both cases, that fact does not by itself establish the two alleged conspiracies were interdependent.

*Ineffective assistance of counsel*

Cardenas argues his trial counsel rendered ineffective assistance because he "did not call [or] subpoena a single witness to testify at the hearing on [his] motion to dismiss on grounds of double jeopardy." Aplt. Br. at 27.

As a general rule, an ineffective assistance of counsel claim should be brought in a defendant's first collateral attack, not on direct appeal. See United States v. Montoan-Herrera, 351 F.3d 462, 465 (10th Cir. 2003). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "Some rare claims which are fully developed in the record *may* be brought either on direct appeal or in collateral proceedings." Id. at 1242 (emphasis added). At this point, Cardenas' trial counsel has not had an opportunity to explain his decisions. In order to show he was prejudiced by trial counsel's failure to call certain witnesses at the hearing on the motion, Cardenas must prove their testimony would have established the two conspiracies were interdependent. The record presently before us does not establish that any witness would have given such testimony.

We AFFIRM Cardenas' conviction, but DISMISS without prejudice his ineffective assistance claim.

> Entered for the Court
>
> Mary Beck Briscoe
> Circuit Judge

6