**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERTO QUINONEZ-QUINTERO,

      Defendant - Appellant.

No. 14-3001
(D.C. Nos. 2:13-CV-02477-KHV and
2:08-CR-20106-KHV-6)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

_____

Roberto Quinonez-Quintero seeks a certificate of appealability ("COA") to appeal

the district court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss

the appeal.

**I**

In March 2010, Quinonez-Quintero was charged in the United States District

Court for the District of Nebraska with conspiracy to distribute methamphetamine. The

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

indictment alleged that Quinonez-Quintero (who was proceeding under the alias "Jesus Hernandez-Lopez"), conspired with Bryan Cota, Alberto Heredia-Castro, and "other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." The indictment alleged that the conspiracy ran "[f]rom an unknown date but at least as early as January, 2008" and continued "through on or about February 11, 2010, in the District of Nebraska." Quinonez-Quintero was also charged with possession of methamphetamine with intent to distribute and possession of cocaine with intent to distribute. He entered into a plea agreement in July 2010, under which he agreed to plead guilty to the conspiracy charge in exchange for dismissal of the remaining counts. The federal district court in Nebraska imposed a sentence of 108 months' imprisonment.

Prior to the initiation of the Nebraska case, Quinonez-Quintero was charged under his true name in the district of Kansas with conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. A second superseding indictment filed in March 2009 alleged that Quinonez-Quintero, Carlos Guadalupe Beltran-Aguilar, Jose Torres-Garcia, Jose Viera, Perla Flores, Jose Antonio Beltran-Salazar, and "other persons, both known and unknown" conspired to distribute methamphetamine "[c]ommencing on or about January 1, 2008, and continuing to on or about September 24, 2008, the exact dates being unknown . . . in the District of Kansas and elsewhere." Quinonez-Quintero entered into a plea agreement in the Kansas case in

November 2011. He agreed to plead guilty to the conspiracy charge and provided a lengthy factual basis for his plea, describing methamphetamine-distribution activities that occurred at two addresses in Kansas City, Kansas. He was sentenced to 292 months' imprisonment.

Quinonez-Quintero filed a § 2255 motion in the Kansas case, claiming that he received ineffective assistance of counsel because his attorney did not raise potential double jeopardy issues during the plea process. The district court denied relief, concluding that Quinonez-Quintero failed to allege specific facts showing that the Nebraska and Kansas convictions constituted a single conspiracy. It also declined to grant a COA. Quinonez-Quintero now seeks a COA from this court.

## II

A prisoner may not appeal the denial of habeas relief under § 2255 without a COA. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Quinonez-Quintero to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Quinonez-Quintero contends that his counsel was ineffective for failing to advise him that the Kansas and Nebraska charges raised double jeopardy concerns. To prevail on an ineffective assistance claim, a prisoner must demonstrate "that counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"[I]f two charges of conspiracy are in fact based on a defendant's participation in a single conspiracy, the [Double Jeopardy Clause] bars the second prosecution." United States v. Daniels, 857 F.2d 1392, 1393 (10th Cir. 1988). A criminal defendant "must prove in fact and in law that only one conspiracy existed in order to prevail on [his] double jeopardy claim." United States v. Mintz, 16 F.3d 1101, 1104 (10th Cir. 1994) (quotation omitted). To show a single conspiracy, Quinonez-Quintero must establish that the two sets of conspirators shared a "single criminal objective, not just similar or parallel objectives between similarly situated people" and that the "coconspirators were interdependent" in that their actions "facilitate[d] the endeavors of other alleged coconspirators or facilitate[d] the venture as a whole." United States v. Carnagie, 533 F.3d 1231, 1238-39 (10th Cir. 2008) (quotations omitted).

We agree with the district court that Quinonez-Quintero has not offered specific allegations showing interdependence between the two conspiracies. He relies principally on his own assertion that the two were identical. But "conclusory allegations unsupported by specifics" are insufficient to avoid dismissal. United States v. Weeks, 653 F.3d 1188, 1205 (10th Cir. 2011) (quotation omitted). Quinonez-Quintero also notes

- 4 -

that both indictments refer to unknown participants in arguing that uncertainty exists as to the membership of each conspiracy. But uncertainty is insufficient given that Quinonez-Quintero bears the burden of proof. See Mintz, 16 F.3d at 1104. And Quinonez-Quintero is the sole individual identified as being a member of both conspiracies. The only specific fact alleged by Quinonez-Quintero purporting to tie the conspiracies together is his notation that at least one of the Kansas coconspirators had connections to the state of Nebraska. This falls well short of showing that the Kansas coconspirators facilitated the Nebraska conspiracy. Carnagie, 533 F.3d at 1238.

### III

For the foregoing reasons, Quinonez-Quintero's request for a COA is **DENIED** and this appeal is **DISMISSED**. We **GRANT** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge