789 So.2d 1093 (2001)
Anthony EADDY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3511.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*1094 John A. Garcia of John A. Garcia, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The Defendant appeals his conviction. He raises three arguments on appeal: 1) that the State failed to prove the third count of lewd assault; 2) that the trial court abused its discretion in limiting the introduction of testimony; and 3) that the trial court erred in denying his motion for new trial based on juror misconduct. We conclude that because the State failed to prove the third count of lewd assault, as alleged in the information, the trial court erred in denying the Defendant's motion for judgment of acquittal as to that count. We affirm on the remaining issues raised by the Defendant.
Count I of the information alleged that the Defendant united his penis with or penetrated the victim's vagina sometime between December 26, 1997 and March 9, 1998. Count II alleged that the Defendant fondled the victim's breasts sometime between December 26, 1997 and March 9, 1998. Count III alleged that the Defendant fondled the victim's vagina on or about December 26, 1997.
At trial, the victim testified that on three separate occasions, the Defendant drove her to a remote location in some sugar cane fields. The victim testified that the first time, he touched her breasts and her vagina and then climbed on top of her. She testified that the second time, he penetrated her vagina with his penis. The third time, no improper touching occurred because she refused and the Defendant complied with her wishes. When the prosecutor asked the victim how many times the Defendant either touched her on the breasts or vagina or had sex with her, the victim answered "three."
The Defendant contends that because the victim testified nothing happened the third time the Defendant drove her to the sugar cane fields, the State failed to prove the allegations in Count III. The Defendant also contends that the State failed to prove that any lewd behavior occurred on the date alleged in Count III. The Defendant acknowledges that the victim testified he inappropriately touched her three times. But, he claims that the victim was confused when she testified because she may have counted the fondling of her breasts and the fondling of her vagina during the first episode of abuse as two separate occurrences of touching.
The State responds that the three counts of the information correspond to separate touchings that occurred during the first two times the Defendant drove the victim to the sugar cane fields. According to the State, the allegations in Count I encompass the penetration that occurred during the second trip. The allegations in Counts II and III correspond to the acts of fondling the victim's breasts and fondling her vagina, which both occurred during the first trip. The State contends that these two separate acts fondling the victim's breasts and fondling the victim's vaginamay be charged in two separate counts even though they occurred during a single episode.
The State relies upon State v. Hernandez, 596 So.2d 671 (Fla.1992), to support its position, but Hernandez is distinguishable. In determining whether a single act of lewd behavior for an audience of multiple victims justified charging one count for each victim, the Florida Supreme Court *1095 held that the number of victims was irrelevant and that the number of distinct lewd acts was determinative of how many counts should be charged. See id. at 671-72. This case does not involve a single act of lewd behavior for an audience of multiple victims. Thus, Hernandez fails to support the State's position.
Moreover, to adopt the State's position would implicate double jeopardy. In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences. See Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000); Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991). Here, the record fails to reflect that, during the first trip to the sugar cane fields, the Defendant had time to pause, reflect and form a new criminal intent. Although the victim testified the Defendant touched her breasts and vagina during the first trip, she did not testify as to how much time, if any, elapsed between the inappropriate touchings. Accordingly, to deem the acts separate and distinct in this case, as the State argues, would violate the Defendant's right to be free from double jeopardy. See Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000).
In sum, the State did not sufficiently prove the allegation in Count III that the Defendant fondled the victim's vagina. Because there was no evidence to support the jury's guilty verdict on Count III, the trial court erred in denying the Defendant's motion for judgment of acquittal. See Rogers v. State, 660 So.2d 237, 241 (Fla.1995). Accordingly, we affirm the Defendant's convictions on Counts I and II. We vacate the Defendant's conviction and sentence on Count III, and we remand for resentencing with a corrected scoresheet.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.
GUNTHER, FARMER and TAYLOR, JJ., concur.