834 So.2d 311 (2003)
Peter KING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3585.
District Court of Appeal of Florida, Fifth District.
January 3, 2003.
*312 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Peter King appeals the judgment and sentence imposed after the jury found him guilty of two counts of lewd or lascivious molestation and one count of attempted sexual battery. He argues that the dual convictions and sentences on the two counts of lewd or lascivious molestation violate double jeopardy principles because the counts arose from the same episode or event. We agree.
King lived with his ex-wife, Mary, her brother, and her eleven-year-old grand-daughter, M.W., in a two-bedroom home. M.W. slept on a sofa in the living room. On the night of January 12, 2000, M.W. awoke and heard King in the kitchen. King went back to his own bedroom, but returned to the sofa, wearing only his robe. He sat on the back of M.W.'s legs as she lay on her stomach. M.W. testified that King attempted several times, unsuccessfully, to insert his penis into her anus. King also grabbed her breasts on the outside of her nightgown and kissed her. M.W. agreed the entire episode happened in a "very short time period." King ended his assault when Mary entered the room and attacked him. Mary testified that when she came upon the scene, King was on top of M.W. and moving up and down. He did not have his hands on M.W.'s breasts at that time. Mary took M.W. to the hospital. The parties stipulated that the DNA recovered from the fluid on M.W.'s bottom and vagina matched King's.
As a result of King's acts, King was charged with, inter alia, two counts of lewd or lascivious molestation. Specifically, count two of the information charged that King "did with his penis have union with the buttocks of [M.W.]" and count three charged that King "did handle or fondle the breast(s) of [M.W.]." King was convicted of both counts and was sentenced accordingly.
On appeal, King argues that it was error to "subdivide" his acts and charge him separately for touching M.W.'s breasts and for placing his penis in contact with M.W.'s buttocks where the only evidence was that these acts occurred in a single episode in the same location. He relies on Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001), wherein the appellate court rejected the state's argument that the defendant's act of fondling the victim's breasts and vagina constituted two separate acts even though they occurred during a single episode. The court wrote:
In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal *313 intent between the occurrences. See Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000); Saavedra v. State, 576 So.2d 953 (Fla. 1st DCA 1991). Here, the record fails to reflect that, during the first trip to the sugar cane fields, the Defendant had time to pause, reflect and form a new criminal intent. Although the victim testified the Defendant touched her breasts and vagina during the first trip, she did not testify as to how much time, if any, elapsed between the inappropriate touchings. Accordingly, to deem the acts separate and distinct in this case, as the State argues, would violate the Defendant's right to be free from double jeopardy. See Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000).
Id. at 1094-95.
The Second District Court has addressed this same issue and reached the same conclusion. In Morman v. State, 811 So.2d 714 (Fla. 2d DCA 2002), the defendant claimed a double jeopardy violation for convictions stemming from two separate episodes from which the state charged a total of four offenses. The victim testified that the first occurrence was when she was lying on a couch and the defendant touched her on her bottom and on her breasts. The second occurrence took place the following day when the defendant sat her on a counter and rubbed his clothed penis against her vagina while he squeezed her chest. From these two occurrences, the state charged the defendant with a total of four different counts based on its conclusion that the touching of each separate body part constituted a separate offense. The appellate court agreed with the defendant that there "were only two episodes of unappropriate sexual activity for which [the defendant] may be punished...." "Id. at 717. It wrote:
Within each day's episode there was practically simultaneous touching of two proscribed areas (breast and buttocks areas on Friday, and breast and genital areas on Saturday). Thus, the various lewd and lascivious acts were not sufficiently discrete for them to be deemed separate offenses within each episode. Upon remand, the court must strike two convictions as violating double jeopardy.
Id.
The State attempts to distinguish Morman on the basis that in Morman, the fondling of the different body parts occurred "practically simultaneous[ly]" while in the instant case, the evidence was that King was not touching M.W.'s breasts while he was attempting anal intercourse. Because King did not touch two different body parts at the same time, there was a break in time between the lewd touchings. The State concludes this temporal break was sufficient to make the two touchings separate and distinct acts. We disagree.
It is clear that the two lewd or lascivious charges in the instant case, like Eaddy and Morman, arose from a single episode. The same victim was involved; the attack occurred solely on the sofa; and there was no meaningful temporal break in the episode. King's touching of various parts of M.W.'s body was, as in Morman, "practically simultaneous." Accordingly, we affirm King's convictions on one count of lewd or lascivious molestation and on the attempted sexual battery count, but reverse the conviction on the second lewd or lascivious molestation count and remand for re-sentencing.
AFFIRMED in part; REVERSED in part; REMANDED FOR RE-SENTENCING.
THOMPSON, C.J., and PETERSON, J., concur.