848 So.2d 1278 (2003)
Michael GISI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5272.
District Court of Appeal of Florida, Second District.
July 11, 2003.
*1279 Michael Gisi, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
*1280 COVINGTON, Judge.
Michael Gisi, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises several grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to three of the claims raised therein, and we deny, without comment, the remainder of the claims.
Gisi was convicted after jury trial of four counts of committing actual intercourse upon a child under the age of sixteen in violation of section 800.04(2), Florida Statutes (1997), eight counts of handling and fondling a child under the age of sixteen in violation of section 800.04(1), Florida Statutes (1997), one count of interference with custody in violation of section 787.03, Florida Statutes (1997), and one count of seduction of a child via computer in violation of section 847.0135(3), Florida Statutes (1997). Gisi was sentenced to seventy-one years' imprisonment on each count of counts one through twelve and 17.5 months' imprisonment on counts thirteen and fourteen. All of the sentences were to run concurrently. The convictions and sentences were affirmed on appeal. Gisi v. State, 818 So.2d 510 (Fla. 2d DCA 2002) (table decision).
The testimony at trial established that the victim in this case was a thirteen-year-old girl with whom Gisi had developed a relationship over the computer. He traveled to Florida to spend several days with her, and the sexual activity between the two was consensual. The evidence showed that the violations of section 800.04 were grouped into four sexual episodes with each episode containing three violations of the statute. Each sexual episode contained a violation of subsection (2) of the statute, which prohibits, among other things, actual or simulated intercourse. Each sexual episode also contained two violations of subsection (1) of the statute, which prohibits handling, fondling, or assaulting a child in a lewd and lascivious manner. In each episode, the violation of subsection (2) was alleged to be penile penetration or union with the vagina, and the evidence at trial established that Gisi had actual sexual intercourse with the victim in each of the four episodes. The evidence showed that the two violations of subsection (2) that occurred in each of the episodes were based on Gisi's placing his mouth on the victim's sexual organ as well as his penetrating the victim's sexual organ with his finger or fingers. Each sexual episode occurred in the same temporal and spatial zone, and each episode consisted of a single continuous course of conduct. In fact, each episode occurred in Gisi's motel room.
In the first ground of his petition, Gisi alleged that appellate counsel was ineffective for failing to argue that his convictions and sentences on counts five through twelve (the handling and fondling counts) were prohibited by the constitutional bar against double jeopardy. Gisi relies primarily on Morman v. State, 811 So.2d 714 (Fla. 2d DCA 2002). Morman was convicted of four violations of section 800.04(1). The four counts involved two separate episodes of sexual activity. In one episode, Morman touched the victim's breasts and her genital and/or vaginal area. In another episode, Morman touched her breasts and genital area. The Morman court held that there were only "two episodes of inappropriate sexual activity for which Mr. Morman may be punished" and that "the various lewd and lascivious acts were not sufficiently discrete for them to be deemed separate offenses within each episode." Id. at 717. Upon remand, this court ordered the trial court to strike two of Morman's convictions as violative of double jeopardy.
*1281 The Morman, court cited State v. Hightower, 509 So.2d 1078 (Fla.1987), for the proposition that "[a]s now worded, section 800.04 contemplates that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious." Morman, 811 So.2d at 717 (quoting Hightower, 509 So.2d at 1079). The Morman court then concluded that "the statute's focus is on conduct involving sexual activity and not upon the individual acts that comprise lewd and lascivious activity in the same spatial and temporal zone." Id.
In the present case, in each of the four episodes, Gisi was charged with violating subsection (2) of section 800.04 and two violations of subsection (1) of the same statute. In Morman, in each of the two episodes Morman was charged with twice violating subsection (1). Thus, with regard to each episode of sexual activity, Gisi, unlike Morman, was charged and convicted of violating two subsections of section 800.04 that each proscribe different acts. However, this appears to be a distinction without a difference since each violation is a lewd and lascivious act, and according to Morman, the statute's focus is on conduct involving sexual activity and not on each individual act that occurs within the course of conduct.
Gisi's trial counsel did not raise the double jeopardy issue below; however, the issue was not waived for appellate purposes because a double jeopardy violation constitutes fundamental error which can be raised for the first time on appeal. See Johnson v. State, 747 So.2d 1027 (Fla. 2d DCA 1999). Thus, Gisi's appellate counsel could have raised the issue that two out of the three convictions in each of the four sexual episodes were barred by double jeopardy considerations regardless of the fact that trial counsel did not present this argument to the trial court.
Gisi's initial brief in the direct appeal was filed on October 4, 2001. The answer brief was filed on November 16, 2001. The per curiam affirmed opinion was issued on April 26, 2002. Morman issued on February 20, 2002, which was after the briefs were filed in Gisi but prior to the issuance of the opinion in that case. However, appellate counsel should have been aware of Morman and could have filed a motion to file a supplemental brief. Furthermore, the decision in Morman was based in part on the Fourth District's decision in Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001). The Eaddy court held that Eaddy's two convictions for a lewd and lascivious act violated double jeopardy where Eaddy, in a single criminal episode, touched the victim's breasts and fondled her vagina. The court concluded:
In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.
Id. at 1095.
Thus, as did the court in Whatley v. State, 679 So.2d 1269, 1270 (Fla. 2d DCA 1996), we conclude in the present case that appellate "counsel's failure to raise the [double jeopardy] issue on appeal is not excused because there was binding case law in effect at the time the appeal was pending upon which to base the double jeopardy argument." The evidence presented at Gisi's trial clearly supported an argument that eight of Gisi's convictions for violations of section 800.04 were barred by double jeopardy considerations. We hold that appellate counsel's failure to *1282 raise this issue on appeal constituted deficient performance that undermined confidence in the correctness and fairness of the result of the appeal. See Downs v. Moore, 801 So.2d 906 (Fla.2001) (holding that to establish a claim of ineffective assistance of appellate counsel, a movant must show that counsel's performance was deficient and that the deficiency of his performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the result). We therefore grant the petition as it relates to this claim, and we remand to the trial court to appoint appellate counsel to brief the double jeopardy issue. See Whatley, 679 So.2d at 1270.
In ground two of his motion, Gisi alleged that appellate counsel was ineffective in failing to argue that the trial court erred in sentencing him above the statutory maximum on counts one through twelve without submitting the issue of victim injury to a jury. Gisi was sentenced to seventy-one years' imprisonment on each of the twelve counts, each of which is a seconddegree felony with a statutory maximum of fifteen years' imprisonment. See §§ 800.04, 775.082(3)(c), Fla. Stat. (1997). Gisi relies on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348. Where the addition of victim injury points is a factor which causes a sentence to be increased beyond the statutory maximum, the facts of victim injury must be submitted to a jury pursuant to Apprendi. See Arrowood v. State, 843 So.2d 940 (Fla. 1st DCA 2003).
In the present case, the trial court sentenced Gisi on May 26, 2000. Apprendi was issued on June 26, 2000. As noted, the initial brief in this case was filed in October 2001. Although the Apprendi issue was not raised at sentencing by trial counsel, appellate counsel could have preserved the issue for appellate review by filing a motion to correct a sentencing error in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). See Arrowood. Apprendi does not apply retroactively to sentences that were final prior to its issuance. See Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002), review granted, 837 So.2d 410 (Fla.2003). However, the Third District in Hudson v. State, 800 So.2d 627 (Fla. 3d DCA 2001), reversed Hudson's sentence and remanded for resentencing where Hudson was sentenced, as was Gisi in the present case, prior to the issuance of Apprendi. We grant the petition as it relates to this claim and remand to the trial court to appoint appellate counsel to brief the Apprendi issue.
In ground four of his petition, Gisi alleged that appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion for judgment of acquittal on counts three, seven, and eleven of the information. The State charged that on Friday, November 20, 1998, Gisi committed two acts of actual intercourse in violation of section 800.04(2) and four acts of handling and fondling in violation of section 800.04(1). This was based on two separate sexual episodes, each involving one count of actual sexual intercourse and two counts of handling and fondling. Prior to cross-examining the victim, trial counsel orally moved for a statement of particulars,[1] and the State stayed *1283 with the allegations in the information. The victim testified that there were two sexual episodes on one day but that she did not know if that day was Friday the 20th or Saturday the 21st. Trial counsel moved for a judgment of acquittal on counts three, seven, and eleven on the ground that those counts "have to do with a second sexual encounter on the 20th. There was no testimony that there were two sexual encounters on the 20th." Where the State, in a statement of particulars, alleges that the offense occurred on a certain date, the accused is entitled to a directed verdict if the evidence at trial does not establish that the offense occurred on the date specified. See State v. Jefferson, 419 So.2d 330 (Fla.1982). We grant Gisi's petition as it relates to this claim and order the trial court to appoint an appellate attorney to brief the issue that the trial court erred in denying Gisi's motion for judgment of acquittal on the three counts that comprise the second sexual episode alleged by the State to have occurred on November 20, 1998.
The petition is denied in part and granted in part, with instructions to the trial court to, within thirty days from the date of the issuance of the mandate in this case, appoint an appellate attorney to file a brief on the three issues outlined above. See Whatley. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] It is within the trial court's discretion whether or not to entertain an oral motion for statement of particulars once the trial has begun. See Elkins v. State, 212 So.2d 53 (Fla. 3d DCA 1968).