871 So.2d 279 (2004)
Jesus CABANELA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2672.
District Court of Appeal of Florida, Third District.
March 25, 2004.
Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Linda S. Katz, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GREEN and SHEPHERD, JJ.
PER CURIAM.
Appellant, Jesus Cabanela, appeals the denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, wherein he challenges his convictions and sentences for four counts of lewd assault upon a child under the age of sixteen on the grounds that these sentences violated his protection against double jeopardy, where all of these charges arose out of the same criminal episode. We find merit to his claim and reverse and *280 remand with instructions that three of the convictions and sentences be vacated.
Cabanela was charged by amended information, under section 800.04, Florida Statutes (1995), with four counts of lewd assault upon a child under the age of sixteen on August 1, 1996 as follows: Count Isexual battery by placing his mouth in union with the vagina of the victim and/or placing his tongue in union with the vagina of the victim; Count IIfondling and/or handling and/or touching and/or rubbing the vagina; Count IIIfondling and/or handling and/or touching and/or rubbing the breasts of the victim; Count IV placing his tongue and/or lips in union with the breast of the victim and/or licking the breast of the victim. At trial, the State's evidence revealed that Cabanela had been a friend of the young victim's parents and had been permitted to live in a trailer behind their house. On August 1, 1996, Cabanela visited the victim's home and found the twelve year old victim alone in her mother's bedroom watching television. At the time, the victim was sitting on the bed wearing shorts and a t-shirt, with a sports bra or tank top under the t-shirt.
The victim testified that Cabanela sat down on the bed next to her and started feeling on her. She stated that he first started to rub her thigh and then feel her breasts. He then laid her down on the bed, pulled up her shirt and sports bra, and started licking her breasts and kissing her neck. The victim stated that she pulled her shirt down and Cabanela started feeling her vagina over her clothes. He then pulled her shorts to the side and started licking her vagina. The victim testified that she then pushed him off and went into her aunt's bedroom in the house and locked the door. She agreed, on cross-examination, that all of this touching lasted a few minutes.
The jury convicted Cabanela on all four counts of lewd assault and he was sentenced to the maximum 27 years, 9 months in state prison pursuant to the 1995 sentencing guidelines. On his direct appeal to this court, he raised several issues, none of which involved a double jeopardy challenge to his convictions and sentences. We affirmed his convictions, but remanded for resentencing because the State properly conceded error in that this cause was governed by the 1994 sentencing guidelines, rather than the 1995 sentencing guidelines by which he was sentenced. Cabanela v. State, 785 So.2d 1263 (Fla. 3d DCA 2001).
The trial court resentenced Cabanela to 11.6 years in state prison based upon a scoresheet that reflected one of the four counts of lewd assault as the primary offense and the other three counts of lewd assault as additional offenses. The scoresheet scored a total of 72 points for victim injury-sexual contact, 18 for each of the four convictions.
Cabanela filed a pro se notice of appeal of his resentence, and we appointed the Office of the Public Defender to represent him on this appeal. Cabanela argued that his multiple sentences for four convictions violated double jeopardy where they all arose from one criminal episode. We affirmed his sentence without prejudice to his right to seek post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Cabanela v. State, 837 So.2d 609 (Fla. 3d DCA 2003).
Thereafter, Cabanela moved for Rule 3.850 relief in the trial court, arguing that he committed one ongoing sexual assault against the victim on August 1, 1996. Thus, he argued, the multiple convictions and sentences imposed against him violated double jeopardy and his trial counsel was ineffective for failing to move for judgment of acquittal on this ground so that the error could be preserved for appellate *281 review. The trial court denied this motion as well as his motion for rehearing. This appeal followed.
The double jeopardy provision of the U.S. Constitution protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. See Illinois v. Vitale, 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). See also Scalf v. State, 573 So.2d 202, 203 (Fla. 1st DCA 1991) (same). Cabanela therefore argues that his multiple convictions and sentences for lewd assault upon a child pursuant to section 800.04, Florida Statutes (1995), were violative of double jeopardy where they were committed in a single criminal episode. We agree.
The Fourth District Court of Appeal initially addressed this issue in Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001). There, the court was confronted with the issue of whether the unlawful touching of the young victim's breasts and the fondling of her vagina in a single episode could sustain two convictions for lewd assault without implicating double jeopardy. Id. at 1094. The court held that only one conviction could be sustained, stating that:
In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.
Id. at 1095. Because the record failed to show that the defendant had time to pause, reflect, and form a new criminal intent between each act, the court concluded that to deem the acts separate and distinct would violate the defendant's right to be free from double jeopardy. Id.
Following the Eaddy decision, the Second District, in Morman v. State, 811 So.2d 714 (Fla. 2d DCA 2002), similarly found a double jeopardy violation for convictions arising out of two separate episodes from which the State charged a total of four offenses. Id. at 715. There, the victim testified that the first occurrence took place when she was lying on a couch and the defendant touched her bottom and her breasts. Id. The second occurrence took place the next day when the defendant sat her on a counter and rubbed his clothed penis against her vagina as he squeezed her chest. Id. The State charged the defendant with a total of four different counts based upon its assertion that the touching of each separate body part constituted a separate offense. Id.
The Second District began its analysis by noting that our supreme court, in State v. Hightower, 509 So.2d 1078 (Fla.1987), had observed that section 800.04 as then worded[1] contemplated "that if sexual activity takes place with a person under sixteen years of age which does not constitute the crime of sexual battery, the conduct is deemed to be lewd and lascivious." Morman, 811 So.2d at 717 (quoting Hightower, 509 So.2d at 1079). Thus, the Second District reasoned that the statute's focus was on conduct involving sexual activity and not upon the individual acts that comprise lewd and lascivious activity in the same spatial and temporal zone. Id. Based upon this reasoning, the court concluded that there were only two episodes of inappropriate sexual activity for which the defendant could be punished:

*282 Within each day's episode there was practically simultaneous touching of two proscribed areas (breast and buttocks areas on Friday, and breast and genital areas on Saturday). Thus, the various lewd and lascivious acts were not sufficiently discrete for them to be deemed separate offenses within each episode. Upon remand, the court must strike two convictions as violating double jeopardy.
Id.; see also Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003) (finding appellate counsel ineffective for failing to raise issue that two out of the defendant's three convictions in each of the four sexual episodes were barred by double jeopardy considerations, where each episode constituted a single course of conduct).
The Fifth District, in King v. State, 834 So.2d 311 (Fla. 5th DCA 2003), citing to the Eaddy and Morman decisions, also held that double jeopardy considerations permitted only one, rather than two convictions for lewd and lascivious charges which arose from a single episode. Id. at 312. In King, the young female victim was lying down on her stomach on the living room sofa when the defendant sat on her legs and unsuccessfully attempted several times to insert his penis into her anus. Id. He also grabbed her breasts on the outside of her nightgown and kissed her. Id. The victim testified that the entire episode happened in a short period of time and was abruptly aborted when the victim's mother entered the room. Id. The defendant was charged with and convicted of, among other things, two counts of lewd and lascivious molestation. Id. One count had charged the defendant with causing his penis to have union with the buttocks of the victim and the other count had charged the defendant with handling or fondling the breasts of the victim. Id. The defendant was sentenced on both counts. Id. The court, following Eaddy and Morman, reversed one of the lewd or lascivious molestation counts, finding that both charges arose from a single episode. Id. at 313. The court noted that "[t]he same victim was involved; the attack occurred solely on the sofa; and there was no meaningful temporal break in the episode." Id. at 313.
Although we have not previously addressed this issue, we agree with our sister courts from the Fourth, Second and Fifth Districts that double jeopardy considerations preclude multiple convictions and sentences for lewd and lascivious behavior which arise out of a single criminal episode where there is no significant spatial and/or temporal break in the episode. In the instant case, it is clear to us that all of the acts for which Cabanela was charged, convicted, and sentenced arose out of a single criminal episode which the victim agreed occurred in a short period of time. There was no significant spatial and/or temporal break between any of the activities for Cabanela to pause, reflect, and form a new criminal intent to commit separate offenses. For this reason, three of his four convictions and sentences must be vacated. We note that his failure to raise his double jeopardy challenge to convictions and sentences at trial or on direct appeal is not fatal to our consideration of this issue because a double jeopardy violation constitutes fundamental error. See Gisi, 848 So.2d at 1281.
Thus, for all of the foregoing reasons, we remand with instructions that three of the appellant's four convictions and sentences be vacated forthwith.[2]
NOTES
[1] The statute was rewritten, effective October 1, 1999. Ch. 99-201 §§ 6, 17, at 1187-89, 1211, Laws of Fla.
[2] This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.