872 So.2d 430 (2004)
Benjamin COFFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2248.
District Court of Appeal of Florida, Fourth District.
May 12, 2004.
*431 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Coffield was convicted on two counts of lewd and lascivious battery. The record, however, does not support adjudication on separate counts because of the manner in which each act occurred in the course of a single sexual assault. Therefore, Coffield's convictions on the two counts constituted a double jeopardy violation.
The evidence reflects that the thirteen year old victim met the twenty two year old defendant earlier in the day at a park. The two engaged in a conversation and each claimed to be sixteen. Coffield walked the victim home where, after the two conversed outside her apartment, the victim told Coffield that he should leave. Coffield agreed, so long as the victim gave him a hug. After the two engaged in hugging and kissing, Coffield brought the victim into a meter room within the apartment complex wherein, despite her telling him to stop, he both touched and inserted his penis into her vagina. The episode lasted about ten minutes. Coffield contended that he and the victim had consensual sex.
In this case, there is insufficient record support for a finding that Coffield formed a separate criminal intent as to each charged act. In deciding whether multiple acts must be charged in a single count, we consider the spatial and temporal aspects of the surrounding circumstances in order to determine whether the defendant had time to "pause, reflect, and form a new criminal intent between occurrences." Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001).
In Eaddy, the state charged that the touching of the victim's breasts and her vagina during a sexual assault constituted *432 two separate lewd acts. Id. at 1094. This court reversed a dual conviction, concluding that the appellant did not have adequate and sufficient time to pause, reflect and form a new criminal intent between touching the victim's breasts and touching the victim's vagina, so as to lawfully deem the acts distinctly separate. Id. at 1095. Similarly, in King v. State, 834 So.2d 311, 312 (Fla. 5th DCA 2003), the defendant attempted to have intercourse with the victim and fondled her breasts. On appeal, the court concluded that it was error to adjudicate the defendant of two counts of lewd and lascivious assault as the sex acts occurred in a single episode and location, with one act immediately following the other. Id. at 313.
Here, as in Eaddy and King, the sexual acts occurred almost simultaneously, with no temporal breaks, and without the requisite time for Coffield to pause and reflect in order to form a second criminal intent. Further, both sexual acts occurred at the same location and within an uninterrupted span of approximately ten minutes.
The circumstances here are clearly distinguishable from those in Saavedra v. State, 576 So.2d 953, 955 (Fla. 1st DCA 1991), where the defendant kidnaped the victim and engaged in three separate incidents of intercourse, all within the same night, but occurring at three distinct times and locations. There, the First District concluded that, while the acts were of the same type, they were sufficiently separate because they occurred in different locations and at different times. Id. at 958. Therefore, the Saavedra perpetrators had enough time in between each sexual encounter to reflect on the last act and form a new criminal intent to commit the next sexual act. Id.
As to the other issues raised, we find no reversible error. We, therefore, reverse and remand with directions to vacate and set aside one of the convictions for lewd and lascivious battery.
KLEIN and TAYLOR, JJ., concur.