889 So.2d 827 (2004)
Miguel MIJAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3534.
District Court of Appeal of Florida, Fourth District.
August 18, 2004.
Rehearing Denied January 11, 2005.
*828 Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
BERNSTEIN, SCOTT M., Associate Judge.
The State charged twenty-year-old Mijarez with one count of lewd and lascivious battery of a fourteen-year-old girl, and two separate counts of lewd and lascivious molestation, all in violation of section 800.04 of the Florida Statutes. The jury found Mijarez guilty on all three counts. He was sentenced as a prison releasee reoffender to serve concurrent terms of fifteen years imprisonment on each count. Because we find all three counts arise from the same criminal episode, we reverse the two convictions for lewd and lascivious molestation.
Mijarez met the girl at a convenience store across the street from her high school. He asked her to go back to his house and she agreed. They went into his bedroom, spoke for a few minutes and began kissing. Mijarez fondled her, helped her disrobe, and had intercourse with her. The State separated this incident into three counts, one for lewd and lascivious battery, and two counts for fondling different parts of the girl's body.
In Coffield v. State, 872 So.2d 430 (Fla. 4th DCA 2004), this Court recently reversed multiple convictions and sentences for lewd and lascivious behavior during a single sexual assault. Relying on Eaddy v. State, 789 So.2d 1093 (Fla. 4th DCA 2001), we considered the spatial and temporal aspects of the surrounding circumstances and determined that the defendant did not have time to "pause, reflect, and form a new criminal intent between occurrences." Id. at 1095. The same analysis applies here. It cannot possibly be said that Mijarez paused, reflected, and formed a new criminal intent each time he touched this girl during this one sexual encounter. Therefore, multiple convictions and sentences here are improper.[1]
We are unpersuaded, however, by Mijarez's other issues raised on appeal. Therefore, we reverse the convictions on Counts II and III, affirm the conviction on Count I, and remand with instructions to reconsider sentencing in light of the reversals.
POLEN and MAY, JJ., concur.
NOTES
[1] Courts around the state have used a similar analysis to reach the same result. See Cabanela v. State, 871 So.2d 279 (Fla. 3d DCA 2004); King v. State, 834 So.2d 311 (Fla. 5th DCA 2003); Morman v. State, 811 So.2d 714 (Fla. 2d DCA 2002).