890 So.2d 550 (2005)
Hubert ROMAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3652.
District Court of Appeal of Florida, Fifth District.
January 14, 2005.
James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Hubert Romage appeals his judgment and sentence for sexual battery[1] and three counts of lewd and lascivious molestation[2] *551 of a minor resulting from a three-minute criminal episode in which he pushed the victim onto a bed, rolled up her shirt to touch her breasts, digitally penetrated her vagina and then unsuccessfully attempted penile penetration.
The State charged and a jury found Romage guilty of sexual battery and three separate counts of lewd and lascivious molestation, one each for: (1) touching the breasts, (2) digital penetration, and (3) penile touching of the vagina. He complains that the convictions for three counts of lewd and lascivious molestation should be reduced to a single count because the acts leading to the convictions occurred in one location without a meaningful temporal break between each act.
King v. State, 834 So.2d 311 (Fla. 5th DCA 2003), supports Romage's complaint. The defendant in King appealed his conviction for two counts of lewd and lascivious molestation for touching an 11-year-old victim's breasts and for placing his penis in contact with the victim's buttocks while she rested on a sofa. The victim testified that the entire episode happened in a "very short time period." Id. at 312. This court affirmed the conviction on the first count, but reversed on the second count and remanded for re-sentencing stating that double jeopardy permitted conviction on only one count where both acts arose from a single episode in one location without a meaningful temporal break between acts. Likewise, Romage's attacks on the victim occurred during a single episode in a single location without a meaningful temporal break between acts. Accordingly, Romage's conviction and sentence on the second and third lewd and lascivious molestation counts are vacated, and we remand for re-sentencing based upon our affirmance of one count of sexual battery and one count of lewd and lascivious molestation.
The State's argument that Romage failed to preserve the error by objecting before the trial court has no merit. Claims based on an alleged violation of double jeopardy constitute fundamental error which, absent a knowing and voluntary waiver, may be raised for the first time on appeal. See, e.g., State v. Johnson, 483 So.2d 420, 422 (Fla.1986); Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] § 794.011(5), Fla. Stat. (2001).
[2] § 800.04(5)(c)(2), Fla. Stat. (2001).