914 So.2d 529 (2005)
Derrick DAVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-202.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
*530 Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The appellant contends that his two convictions for sale of marijuana violated double jeopardy principles. We affirm, concluding that under the facts of this case, the two transactions were separate both spatially and in time.
The appellant was charged with two counts of sale of marijuana for transactions occurring on one date. A confidential informant and Detective Gaskins went to a residence where they met appellant Davey. In the hallway of the residence, the confidential informant introduced Gaskins to Davey. Gaskins gave the CI a fifty dollar bill for the purchase of a baggie of marijuana, and the CI delivered the money to Davey. Davey went into another room and returned with the drugs, giving thirty dollars in change directly to Gaskins.
Gaskins then asked Davey if he could purchase more marijuana and handed Davey twenty dollars. Davey and Gaskins went into another room where other persons were present. One of those individuals handed a bag of marijuana to Davey, and he gave it to Gaskins. The CI and Gaskins then left. Davey was charged and convicted on both transactions. He appeals those convictions, claiming that convicting and sentencing him for both sales violates double jeopardy. Davey argues that, in substance, there was only a single transaction for forty dollars' worth of marijuana, rather than two separate transactions for twenty dollars' worth of marijuana.
In Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001), we said:
In determining what qualifies as a distinct act for purposes of deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.
In the instant case, there is sufficient evidence in the record to support the jury's finding that Davey was guilty of two separate counts of sale of cannabis. The spatial and temporal aspects of the surrounding circumstances suggest that Davey had time to pause, reflect, and form a new criminal intent between the two transactions. The evidence showed that these were two separate negotiations leading to separate sales. The first was concluded in the hallway before the second sale was ever proposed. The second sale occurred in a separate room and also involved other people. Double jeopardy protections were not violated in this case.
Affirmed.
STEVENSON, C.J., and MAY, J., concur.