GROSS, J.
The issue we address in this case is whether appellant’s convictions of lewd and lascivious battery under section 800.04(4) and lewd or lascivious molestation, in violation of section 800.04(5)(c)(2), Florida Statutes (2004), violate double jeopardy protections. We affirm the convictions holding that appellant had time to *958 pause, reflect, and form a new criminal intent between two distinct occurrences.
The 15-year-old victim went to her friend’s house for a sleepover. Appellant was the friend’s brother. During the evening, the trio watched T.V. and drank beer.
At one point, the victim left the bathroom and encountered appellant, who asked her to come to his bedroom. She went along. ' Appellant closed the door to his room and asked the girl to lie on his bed. Twice she refused. Appellant laid her down on the bed and removed her shorts, underwear, and shirt. He told her he was going to perform oral sex on her. He then touched the victim’s vagina with his tongue.
After performing oral sex, appellant asked the victim if she wanted to have sex. The victim said no because she thought it would hurt. Appellant assured her that he would go slowly and that it would not hurt. Despite the victim’s refusals, appellant began pushing his penis inside of her.
The victim told appellant to stop, because she was in pain. Appellant responded that he “almost got it in.” Eventually, appellant stopped because the victim began to bleed. Appellant left the room to get a rag for the victim to clean herself. The victim then went into the bathroom.
After cleaning up, the victim returned to the bedroom and sat on the bed, upon which the appellant was stretched out and waiting for her. He asked the victim to perform oral sex on him, stating “that he had to get something out of this.” The victim refused. Appellant then asked her to put her hand on his penis; he then reached over and placed the victim’s hand on his penis. Appellant moved the victim’s hand up and down on his penis, until he ejaculated.
This case is controlled by Paul v. State, 912 So.2d 8 (Fla. 4th DCA 2005), rev. granted, 913 So.2d 598 (Fla.2005). In Paul, the defendant was convicted of lewd and lascivious acts under section 800.04[ (5)-(7) ], “all arising from the same encounter.” Id. at 11. The defendant argued that his multiple convictions violated “state and federal double jeopardy protections.” Id. at 9.
The Paul defendant encountered his 13-year-old male victim in the living room of an apartment, - while the boy’s parents were sleeping in another room. Id. In the living room, the “defendant kissed the victim on the neck and rubbed the outside of the victim’s pants over his penis.” Id. After noticing an adjoining bedroom was empty, the defendant asked the victim if they could go into that room. Id. In the bedroom, the defendant placed his hand on the victim’s penis and rubbed his exposed penis over the victim’s leg and stomach. Id.
We held that convictions arising from the living room and bedroom incidents did not violate double jeopardy, because the defendant had time to reflect and formulate the second criminal intent:
[A]t the point in time at which [the defendant] asked the victim if they could move from the living room into the empty bedroom, [the defendant] had the time to pause and reflect on what he was doing, thus separating counts I and V (kissing the victim on the neck and touching the victim’s genitals outside his clothing in the living room) from counts IV and VI ([the defendant] exposing his penis to the victim and [the defendant] rubbing his penis on the victim). This is demonstrated by the fact that [the defendant] deliberately moved the victim from the more public living room into *959 the more private bedroom where they were less likely to be discovered.
Id. at 11.
. Applying Paul to this case, appellant had sufficient time to pause and reflect between criminal acts. After performing oral sex upon the victim and penetrating her with his penis, acts which formed the basis of Count I of the information, appellant stopped, left the bedroom, and got a rag for the victim to use. He returned and handed the rag to the victim, who left the bedroom and went into the bathroom. Appellant waited on his bed for the victim to return. While the victim was in the bathroom, appellant had ample time to reflect on what happened and to decide what to do next. What he decided was to put the- victim’s hand on his penis so that he could “get something out of’ the encounter, conduct forming the basis for Count II. As the state points out, appellant’s criminal intent changed in response to the victim’s physical condition. The victim’s bleeding thwarted his original scheme for achieving sexual gratification, so he improvised a back-up plan.
Relying upon Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001), appellant seeks reversal because the victim never testified as to how much time elapsed between incidents. In Eaddy, the victim testified that the defendant drove her to a remote location “touched her breasts and her vagina and then climbed on top of her.” Id. at 1094. We held that that incident could not support two convictions of lewd assault, because the defendant did not have time to “pause, reflect and form a new criminal intent between the occurrences.” Id. at 1095. There was insufficient time for the Eaddy defendant to form a separate intent because the touchings of the victim were not “separate and distinct;” “[a]though the victim testified that the [defendant touched her breasts and vagina during the first trip [to the cane fields], she did not testify as to how much time, if any elapsed between the inappropriate touchings.” Id. at 1095.
While appellant is correct that the victim never broke down their confrontation into minutes, the necessary conclusion drawn from her testimony is that sufficient time transpired for appellant to form a new criminal intent for the second bedroom encounter. As appellant waited for the victim to emerge from the bathroom, he had the time to consider what to do next and to form a new criminal intent.

Affirmed.

STONE and MAY, JJ., concur.