948 So.2d 954 (2007)
Bertram L. CAPRON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4154.
District Court of Appeal of Florida, Fifth District.
February 16, 2007.
*956 James S. Purdy, Public Defender, and Henry T. Swann, III, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Bertram L. Capron appeals his convictions of two counts of lewd and lascivious battery (section 800.04(4)(a), Florida Statutes (2004)), one count of lewd and lascivious conduct (section 800.04(6)(b)), one count of lewd and lascivious molestation (section 800.04(5)(c)(2)), and one count of lewd and lascivious exhibition (section 800.04(7)(c)), as a result of the State charging him with having sexual activity with M.W., a fifteen-year-old girl. On appeal, Mr. Capron contends that the State committed fundamental error during its closing argument to the jury, and that several of his convictions are barred by double jeopardy.
The charges against Mr. Capron arose after he spent a weekend in a motel with M.W. According to M.W., during the course of the weekend, Mr. Capron engaged in sexual activity with her and in her presence. The jury found Mr. Capron guilty on all charges and he was sentenced to concurrent terms of eighteen years in prison on each charge, except for a five-year term on lewd and lascivious exhibition.
Mr. Capron first argues that he is entitled to a new trial because the State's improper and prejudicial comments in the closing arguments amounted to fundamental error. Mr. Capron asserts that the State's closing arguments were riddled with improper comparisons to the O.J. Simpson case, and the prosecutor's personal opinion regarding Mr. Capron's guilt as well as improper statements that bolstered the victim's testimony. The State responds that its closing arguments were fair comments on the evidence and made to rebut arguments put forth during Mr. Capron's closing. The State contends that none of the statements were improper and certainly did not rise to the level of fundamental error.
All trial errors (except those constituting fundamental error), including improper comments during closing argument, must be preserved for appeal by making a contemporaneous objection. Pedroza v. State, 773 So.2d 639, 640-41 (Fla. 5th DCA 2000). If a party makes a contemporaneous objection to an improper comment that is sustained by the trial judge, the party must request a curative instruction or move for mistrial if he or she wishes to preserve the objection for appellate review. Id. at 641. In the present case, Mr. Capron admits that his counsel did not preserve the alleged errors for appeal. Consequently, in order to be afforded relief on appeal, the challenged comments must be so prejudicial as to constitute fundamental error. See Randolph v. State, 853 So.2d 1051, 1067 (Fla.2003); Street v. State, 636 So.2d 1297, 1303 (Fla. 1994); Fuller v. State, 540 So.2d 182, 184 (Fla. 5th DCA 1989). This Court has held that fundamental error in closing argument occurs when the prejudicial conduct, in its collective import, is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration *957 of the evidence and the merits by the jury. See Caraballo v. State, 762 So.2d 542, 546-47 (Fla. 5th DCA 2000); Jones v. State, 666 So.2d 995, 997 (Fla. 5th DCA 1996).
Having considered the State's arguments carefully, we do not conclude that fundamental error occurred. Indeed, the only comments that are close were the State's two brief references to the O.J. Simpson case. These remarks, while ill-advised and unnecessary, did not characterize Mr. Capron as O.J. Simpson or "improperly appeal to juror sense of community by improperly appealing to their emotions, bias and fears in an attempt to improperly prejudice them against [Mr. Capron]." Cf. DeFreitas v. State, 701 So.2d 593, 601 (Fla. 4th DCA 1997) (comparison of case to O.J. Simpson case "coupled with reference to [defendant] as a stalker, possessive ex-boyfriend who disapproved of his ex-girlfriend's friends" violated rule of inflammatory argument).
Next, Mr. Capron asserts that his convictions for lewd and lascivious battery, lewd and lascivious molestation, lewd and lascivious conduct, and lewd and lascivious exhibition should be reversed because they are all based on the same acts that occurred on Friday at the motel, violating the prohibition against double jeopardy. The State responds that the acts were separated by enough time for Mr. Capron to stop, reflect, and form a new criminal intent. If the State's argument is correct, there was no double jeopardy violation.[1]
Questions of law, such as whether separately convicting Mr. Capron for lewd and lascivious battery, lewd and lascivious conduct, lewd and lascivious molestation and lewd and lascivious exhibition violate double jeopardy principles, are reviewed de novo. See United States v. Rodriguez-Aguirre, 73 F.3d 1023, 1025 (10th Cir. 1996); State v. Florida, 894 So.2d 941, 945 (Fla.2005); Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000). The defendant bears the burden of proving a claim of double jeopardy. Rodriguez-Aguirre, 73 F.3d at 1025 (citing United States v. Daniels, 857 F.2d 1392, 1394 (10th Cir.1988)); see also Koon v. State, 463 So.2d 201, 203 (Fla.1985) (stating that it was defendant's burden to show a double jeopardy violation).
The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); see also State v. Wilson, 680 So.2d 411, 413 (Fla.1996). "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)).
*958 Section 800.04 contains no clear statement of legislative intent. See State v. Paul, 934 So.2d 1167, 1172 (Fla.2006). Thus, we employ the two-part Blockburger[2] test, codified at section 775.021(4)(a), Florida Statutes, to determine whether separate offenses exist. The first part of the Blockburger test sets forth the "same elements test," which prohibits courts from imposing multiple convictions for an act or acts that occur in one criminal episode if each offense does not contain at least one element distinct from the other offenses. The second part provides that even if each of the offenses has an element that the other does not, the court must determine if any of the exceptions set forth in section 775.021(4)(b) applies and precludes separate convictions and sentences. Gordon, 780 So.2d at 19-20; see § 775.021(4)(a), Fla. Stat. (2004). However, the Blockburger test applies to crimes occurring in only "one criminal transaction or episode." Thus, we must first determine whether there was one criminal episode or multiple episodes. "In order to determine whether offenses occurred during a single criminal episode, courts look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a `temporal break' between offenses." Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004) (quoting Staley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002)); see also Cabrera v. State, 884 So.2d 482, 484 (Fla. 5th DCA 2004) (holding that in order for crimes to be considered to have occurred in more than one criminal episode, there must be a sufficient temporal break between the two acts in order to allow the offender to reflect and form a new criminal intent for each offense).
The facts adduced at trial revealed that on Friday evening, Mr. Capron made M.W. touch his penis (count IV  lewd and lascivious molestation) and then removed her clothing. He then took her to a sink located in the same room and washed her. After washing her, Mr. Capron walked her back across the room to a bed, kissed her vagina (count II  lewd and lascivious battery), kissed her anus (count III  lewd and lascivious conduct), and touched her genital area with his penis (count I  lewd and lascivious battery). The next evening, Mr. Capron masturbated in her presence as she showered (count V  lewd and lascivious exhibition). Based on the circumstances presented, we conclude that three criminal episodes occurred  the first on Friday evening in the motel room before Mr. Capron washed M.W., the second occurred later that same evening after Mr. Capron washed M.W. and walked her from the sink to the bed, and a third occurred on Saturday evening in the bathroom of the motel room while M.W. showered.
In the events that occurred on Friday evening, there was a sufficient temporal break between the act committed before Mr. Capron washed M.W. and the remaining acts that occurred later that evening to allow him to reflect and form a new criminal intent. See Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001). In the period that it took Mr. Capron to take M.W. to the sink and wash her and then walk her back to the bed, he "had time to pause, reflect, and form a new criminal intent. . . ." Id.; see Mijarez v. State, 889 So.2d 827, 828 (Fla. 4th DCA 2004) (stating that "spatial and temporal aspects of the surrounding circumstances" must be analyzed to determine whether defendant had "time to pause, reflect, and form a new criminal intent between occurrences"); see also Paul (holding that conviction for lewd and lascivious offenses did not violate double jeopardy as there was a *959 sufficient temporal break between activity in living room and activity in bedroom for defendant to reflect and form a new criminal intent); Omelien v. State, 939 So.2d 1174 (Fla. 4th DCA 2006) (holding that lewd and lascivious battery and lewd and lascivious molestation did not occur in a single criminal episode, and, hence, convictions for both offenses did not violate double jeopardy; defendant's acts of kissing minor victim, removing her shirt, and kissing her breasts and his acts of removing her pants and engaging in vaginal intercourse were separated by defendant's acts of entering bathroom and removing his clothes, which provided a temporal break that allowed him to reflect and form a new criminal intent); Newell v. State, 935 So.2d 83 (Fla. 5th DCA 2006) (holding that convictions for two counts of sexual battery did not violate double jeopardy; conversation between defendant and victim constituted a sufficient temporal break between the acts to allow for reflection). But see Jenkins v. State, 813 So.2d 182 (Fla. 4th DCA 2002) (holding that defendant's convictions for sexual battery and attempted sexual battery violated double jeopardy; his two convictions arose out of a single episode, where defendant sexually battered victim in her living room and then picked her up to carry her to a bedroom to continue attack, but before entering bedroom he dropped victim and discontinued attack).
However, the acts that occurred Friday night after Mr. Capron washed M.W. were part of the same criminal episode. See Cabanela v. State, 871 So.2d 279 (Fla. 3d DCA 2004) (holding that multiple convictions and sentences for lewd assault upon child violated double jeopardy, where all acts for which defendant was charged, convicted, and sentenced arose out of single criminal episode which victim agreed occurred in short period of time). For this second criminal episode, we must apply the Blockburger test to determine whether multiple punishments for lewd and lascivious battery and lewd and lascivious conduct are authorized. King v. State, 834 So.2d 311 (Fla. 5th DCA 2003) (holding that double jeopardy permitted defendant's conviction of only one count of lewd or lascivious molestation for touching 11-year-old victim's breasts and for placing his penis in contact with victim's buttocks, although defendant did not engage in both acts at exactly the same time, where the same victim was involved, the attack occurred solely in one location, and there was no meaningful temporal break in the episode).
Mr. Capron was charged in count II with lewd and lascivious battery by kissing M.W.'s vagina in violation of section 800.04(4)(a), in count III with lewd and lascivious conduct by kissing her anus in violation of section 800.04(6)(a), and in count I with lewd and lascivious battery by touching her genital area with his penis in violation of section 800.04(4)(a). The facts demonstrate that the two lewd and lascivious battery acts were not sufficiently discrete for them to be deemed separate offenses within that episode. See Gisi v. State, 909 So.2d 531 (Fla. 2d DCA 2005) (holding that multiple convictions for lewd and lascivious acts when incidents not discrete constituted double jeopardy violation); Mijarez (holding that multiple convictions stemming from a single sexual encounter were improper, and, thus, convictions on two counts of lewd and lascivious molestation required reversal, where it could not be said that defendant paused, reflected, and formed a new criminal intent each time he touched alleged victim during the sexual encounter).
Further, in order for multiple convictions to be permitted under subsections (4)(a) and (6)(a) of section 800.04, pursuant to section 775.021(4)(a), i.e., the "same elements" *960 test, each offense is considered separate "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (2004). Recently, in Paul, the supreme court applied the same elements test to lewd and lascivious molestation and lewd or lascivious conduct, and concluded that the offenses contained the same elements. The court reasoned:
[S]ection 800.04(6)(a)(1) defines "lewd or lascivious conduct" as any intentional touching of "a person under 16 years of age in a lewd or lascivious manner," while section 800.04(5)(a) defines "lewd or lascivious molestation" as the intentional touching "in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator." § 800.04, Fla. Stat. (1999). In other words, any violation of subsection (5)(a), which prohibits the lewd touching of particular body parts of a person under sixteen years of age, will also violate subsection (6)(a), which simply prohibits any lewd touching of a person under sixteen years of age. Thus, one cannot say "each offense has an element that the other does not." While subsection (5)(a) has an element that subsection (6)(a) does not, the converse is not true  that (6)(a)(1) has an element (5)(a) does not. Therefore, dual convictions and punishments are not permitted for these violations.
934 So.2d at 1173-74; see also Cruz v. State, 941 So.2d 1245, 1246 (Fla. 5th DCA 2006) (holding that dual convictions for lewd and lascivious molestation by touching breast or clothing covering breast of victim, who was 15 years old, and for lewd or lascivious conduct by sucking or kissing victim's neck violated defendant's constitutional right against double jeopardy; defendant's acts occurred during single episode in a single location and without any meaningful temporal breaks between acts, and it was not the case that each offense had an element that the other did not).
Similarly, it appears that lewd and lascivious battery includes the same elements as the offense of lewd and lascivious conduct. Specifically, lewd and lascivious battery requires proof that the defendant engaged in sexual activity "with a person 12 years of age or older but less than 16 years of age" or "[e]ncourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity." See § 800.04(4), Fla. Stat. (2004). The statute defines "sexual activity" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 800.04(1)(a), Fla. Stat. (2004). As earlier discussed, lewd and lascivious conduct only requires a touching. Paul, 934 So.2d at 1173-74. It appears that any violation of subsection (4)(a), which prohibits the penetration or union of certain body parts of a person under sixteen years of age, would also violate subsection (6)(a), which simply prohibits any lewd touching of a person under sixteen years of age. In order to commit any kind of battery, there must be a touching. See generally D.C. v. State, 436 So.2d 203, 206 (Fla. 1st DCA 1983) (stating that "any intentional touching of another person against such person's will is technically a criminal battery"). As a result of these facts, these two charges cannot be considered separate offenses. See generally Johnson v. State, 913 So.2d 1291 (Fla. 2d DCA 2005) (finding that conviction for sexual battery and lewd and lascivious molestation that arose out of single act constituted double jeopardy violation); Tannihill v. State, 848 So.2d 442 (Fla. 4th DCA 2003) (determining that convictions for sexual battery and lewd *961 and lascivious battery, based on same act, constituted double jeopardy violation). But see Darville v. State, 912 So.2d 63 (Fla. 4th DCA 2005) (upholding defendant's convictions for sexual battery and lewd and lascivious molestation).
In summary, we conclude that three criminal episodes occurred. Mr. Capron cannot be convicted of both a violation of section 800.04(4)(a) and section 800.04(6)(a), for the acts which occurred as part of the same criminal episode on Friday evening. However, he can be convicted of lewd and lascivious molestation in violation of 800.04(5)(a) since this was part of a separate criminal episode on Friday evening. Likewise, the lewd and lascivious exhibition in violation of section 800.04(7) that occurred on Saturday evening was also entirely a separate event.
When multiple convictions violate double jeopardy, "[t]he proper remedy is to vacate the conviction for the lesser offense while affirming the conviction for the greater one." Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998). We affirm Mr. Capron's convictions for one count of lewd and lascivious battery, one count of lewd and lascivious molestation, and one count of lewd and lascivious exhibition, and remand this case to the trial court with directions to vacate one of the lewd and lascivious battery convictions and the lewd and lascivious conduct conviction and resentence Mr. Capron. See Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002); Johnson v. State, 744 So.2d 1221 (Fla. 4th DCA 1999).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Mr. Capron's failure to raise his double jeopardy challenge to his convictions and sentences at trial is not fatal to this Court's consideration of this issue because a double jeopardy violation constitutes fundamental error. See Romage v. State, 890 So.2d 550, 551 (Fla. 5th DCA 2005); see also Gisi v. State, 848 So.2d 1278, 1281 (Fla. 2d DCA 2003). However, it would have been helpful to the trial court if trial counsel had raised the issue below, as was his duty. Mr. Capron's appellate counsel did not represent him at trial.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).