# Third District Court of Appeal
## State of Florida

Opinion filed December 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0062
Lower Tribunal No. F20-8676
_____

**Jessie Robert Aguilar,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before SCALES, LINDSEY, and BOKOR, JJ.

PER CURIAM.

We affirm because we find the offenses charged occurred during two separate criminal episodes. See Murray v. State, 890 So. 2d 451, 453 (Fla. 2d DCA 2004) ("In order to determine whether offenses occurred during a single criminal episode, courts look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a 'temporal break' between offenses." (quoting Staley v. State, 829 So. 2d 400, 401 (Fla. 2d DCA 2002))); see also Cabrera v. State, 884 So. 2d 482, 484 (Fla. 5th DCA 2004) (holding that in order for crimes to be considered to have occurred in more than one criminal episode, there must be a temporal break between the two acts to allow the offender to reflect and form a new criminal intent for each offense). Even minimal lapses in time can be sufficient for a defendant to form a new criminal intent between offenses. White v. State, 924 So. 2d 957, 957–58 (Fla. 4th DCA 2006). Further, "if two convictions occurred based on two distinct criminal acts, double jeopardy is not a concern." State v. Paul, 934 So. 2d 1167, 1172 n.3 (Fla. 2006). Accordingly, we need not address the other issues raised on appeal.

Affirmed.