941 So.2d 1245 (2006)
Jose CRUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3863.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Jose Cruz, was convicted of one count of lewd and lascivious molestation and one count of lewd or lascivious conduct, both of which are violations of subsections of section 800.04, Florida Statutes (2004). Because of the constitutional requirements prohibiting double jeopardy, one of the convictions must be reversed.
Mr. Cruz, who was over 18 at the time of the offenses, was convicted by jury trial of one count of the information that alleged that on October 4, 2004, he touched the breast or the clothing covering the breast of the victim, who was 15 years of age, in violation of section 800.04(5)(c)2, *1246 Florida Statutes (2004). He was also convicted of another count of the information that alleged that on the same date he sucked or kissed the neck of the victim in a lewd or lascivious manner, in violation of section 800.04(6)(b), Florida Statutes (2004). The Assistant State Attorney admitted to the trial court that "there seems to be [that] this is one continuous act." That is to say, these actions occurred during a single episode in a single location and without any meaningful temporal breaks between the acts.
This case is controlled by the Florida Supreme Court's decision in State v. Paul, 934 So.2d 1167 (Fla. 2006). When considering facts quite similar to those presented to us, the high court's majority opinion said:
The first criminal episode occurred in the living room when Paul first entered the home. Specifically at issue are two counts: (1) count Ilewd and lascivious molestation by touching the victim's genital area or the clothing covering it in violation of section 800.04(5)(a); and (2) count Vlewd and lascivious conduct by kissing the victim's neck in violation of section 800.04(6)(a). In order for multiple convictions to be permitted under these two counts pursuant to section 775.021(4)(a), i.e., the "same elements" test, each offense is considered separate "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla. Stat. (2005) (emphasis added). Therefore, we must review the necessary elements of each violation under the statute itself. In comparing the elements of sections 800.04(5)(a) and 800.04(6)(a), we hold the same elements test will not permit multiple convictions. Specifically, section 800.04(6)(a)(1) defines "lewd or lascivious conduct" as any intentional touching of "a person under 16 years of age in a lewd or lascivious manner," while section 800.04(5)(a) defines "lewd or lascivious molestation" as the intentional touching "in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less that 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator." § 800.04, Fla. Stat. (1999). [footnote omitted]. In other words, any violation of subsection (5)(a), which prohibits the lewd touching of particular body parts of a person under sixteen years of age, will also violate subsection (6)(a), which simply prohibits any lewd touching of a person under sixteen years of age. Thus, one cannot say "each offense has an element that the other does not." While subsection (5)(a) has an element that subsection (6)(a) does not, the converse is not truethat (6)(a)(1) has an element(5)(a) does not. Therefore, dual convictions and punishments are not permitted for these violations.
Id. at 1173-74.
Accordingly, we reverse the judgment and sentence and remand this matter to the trial court with instructions to enter a new judgment with respect to only one of the counts for which Mr. Cruz was found guilty, and to resentence him accordingly. We have examined the other matters raised by Mr. Cruz but find them to be without merit.
REVERSED and REMANDED with INSTRUCTIONS.
SAWAYA and PALMER, JJ., concur.