PER CURIAM.
Appellant, Junior Batista, appeals his convictions for one count of lewd or lascivious molestation and one count of lewd or lascivious conduct. He raises two issues on appeal, but only one merits discussion. Batista claims that dual convictions for lewd or lascivious molestation and lewd or lascivious conduct, based on the single act of rubbing his genitals on the victim’s leg during a single episode, violate the prohibition against double jeopardy. The State properly concedes error on Batista’s double jeopardy claim. See Cruz v. State, 941 So.2d 1245, 1246 (Fla. 5th DCA 2006). Accordingly, we reverse the conviction for lewd or lascivious conduct and remand this matter to the trial court with instructions to vacate the judgment and sentence on that count.[1] Finding no merit in Batista’s other claim, we affirm the conviction for lewd or lascivious molestation but remand for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, LAWSON and BERGER, JJ., concur.

. The proper remedy when multiple convictions violate double jeopardy is to vacate the conviction for the lesser offense and affirm the conviction for the greater one. Capron v. State, 948 So.2d 954, 961 (Fla. 5th DCA 2007); Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998).